**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARY GEBLER | : | |
| 408 Brookside Drive | : | |
| Perkasie, PA 18944 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. _____ |
| | : | |
| v. | : | |
| | : | |
| KIDSPEACE  CORPORATION | : | **JURY TRIAL DEMANDED** |
| 4085 Independence Drive | : | |
| Schnecksville, PA 18078 | : | |
| and | : | |
| KIDSPEACE NATIONAL CENTERS | : | |
| OF PENNSYLVANIA, INC. | : | |
| 4085 Independence Drive | : | |
| Schnecksville, PA 18078 | : | |
| and | : | |
| KIDSPEACE NATIONAL | : | |
| CENTERS, INC. | : | |
| 4085 Independence Drive | : | |
| Schnecksville, PA 18078 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Mary Gebler, (*hereinafter* referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I.  Introduction

1.    Plaintiff has initiated this action to redress violations by Kidspeace Corporation, Kidspeace National Centers of Pennsylvania, Inc., and Kidspeace National Centers, Inc. (*hereinafter* collectively referred to as "Defendants") for violations of the Americans with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*) and the Pennsylvania Human Relations

Act ("PHRA"). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II.    Jurisdiction and Venue

2.    This action is initiated pursuant to the ADA. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3.    The United States District Court for the District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4.    Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.    Plaintiff exhausted her administrative remedies because she timely filed Charges with the Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission (PHRC) and now files the instant lawsuit within ninety (90) days of receiving a right-to-sue letter and/or notices of case closure from the EEOC and after one (1) year of filing her charge with the PHRC.

2

### III.    Parties

6.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.    Plaintiff is an adult with an address as set forth above.

8.    Defendant Kidspeace Corporation (*hereinafter* "Defendant Entity 1") is a private charity serving the behavioral and mental health needs of children, families and communities throughout the United States.

9.    Defendant Kidspeace National Centers, Inc. (*hereinafter* "Defendant Entity 2") is also a private charity which upon information and belief provides behavioral and mental health needs of children, families and communities throughout several different states.

10.    Defendant Kidspeace National Centers of Pennsylvania, Inc. (*hereinafter* "Defendant Entity 3") is also a private charity which upon information and belief provides behavioral and mental health needs of children, families and communities throughout Pennsylvania.

11.    Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

12.    At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

## IV.     Factual Background

13.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14.     Plaintiff is a 59-year-old female.

15.     Plaintiff was hired by Defendants on or about November 26, 2012 as a family resource specialist.

16.     At all times relevant herein, Plaintiff was employed with Defendants, Doylestown, Pennsylvania location.

17.     During Plaintiff's employment with Defendants, Plaintiff suffered from various health conditions, including but not limited to breast cancer.

18.     Plaintiff's aforementioned health conditions, on occasion, affect her ability to regulate cellular growth, work, and perform manual tasks (as well as other daily life activities).

19.     Despite Plaintiff's aforesaid health conditions and limitations, Plaintiff was able to perform the functions of her job well with Defendants; however, Plaintiff would occasionally need a reasonable accommodation (including but not limited to time off from work).

20.     During Plaintiff's employment, Plaintiff kept Defendants' management apprised of her health conditions and her need for reasonable accommodations (as discussed *supra*).

21.     During the time period approximately consisting of February 2013 through September of 2013, Plaintiff would occasionally need days off of work in connection with her disabilities or treatment of her disabilities (such as chemotherapy).

22.     In or about August of 2013, Plaintiff became ill in connection with her chemotherapy treatments.

23.     Plaintiff took approximately 2-3 weeks off from work in or about late August of 2013 and early September of 2013 due to the aforementioned illness in connection with her chemotherapy, although Plaintiff would occasionally perform work from home during that time period.

24.     On or about September 3, 2013, Plaintiff went to Defendants' office temporarily to pick up some items so she could perform work from home.

25.     Defendants' management questioned Plaintiff during her aforementioned office visit about her health conditions and when Plaintiff would be returning to work. Defendants' management also specifically asked Plaintiff if she had a "doctor's note."

26.     Plaintiff told Defendants' management that she did not have a doctor's note and that she would provide one when her physician cleared her to physically return to work, as Plaintiff had previously been told that she could not physically return to work without medical clearance.

27.     Several days after her aforementioned conversation with Defendants' management on or about September 3, 2013, Plaintiff received a letter from Defendants' management stating that she was terminated for job abandonment despite the fact that Plaintiff had informed Defendants of her medical conditions and that she would provide medical documentation upon her being able to physically return to work.

28.     Plaintiff was medically cleared to return to work as of September 13, 2013.

29.     Defendants arbitrarily terminated Plaintiff's employment for not having medical documentation the same day that Defendants' management requested such information (despite the fact that Plaintiff informed Defendants' management that she would provide such medical documentation when she was physically able to return to work).

30.     Plaintiff believes and therefore avers that Defendants' proffered for her termination is unreasonable and completely pretextual and that Plaintiff was actually terminated because of her health conditions.

**Count I**
**Violations of the Americans With Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

31.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.     Plaintiff suffered from qualifying disabilities under the ADA, which, on occasion, limit her daily life activities, such as working and performing manual tasks (among other life activities).[1]

33.     During Plaintiff's employment with Defendants, Plaintiff requested reasonable accommodations from Defendants' management (including but not limited to time off from work).

34.     Shortly before Plaintiff's termination, Plaintiff requested and took a medical leave of absence related to her aforementioned health conditions/disabilities.

35.     Plaintiff was terminated for not providing medical documentation on the same day that it was requested of her.

36.     Plaintiff seeks relief herein for her termination because such actions by Defendants were motivated by Plaintiff's: (1) known or perceived health problems; (2) record of health conditions; and/or (3) due to Plaintiff's requests for reasonable accommodations.

37.     Plaintiff was also not properly accommodated by not allowing her to take time off from work in connection with her disabilities.

---

[1] The life activities specified herein are for example only and are not intended to be an exclusive list of life activities impacted by Plaintiff's health conditions.

38.     These actions as aforesaid constitute violations of the ADAAA.

**Count II**
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**(Actual & Perceived & Record of Disability Discrimination/Retaliation)**

39.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40.     Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count I, *supra*, as they also constitute violations of the PHRA.

41.     Defendants' actions as aforesaid constitute violations of the PHRA.

42.     As a result of Defendants' violations of the PHRA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A.     Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom(s) of discriminating against employees based on their disability, and are to be ordered to promulgate an effective policy against such discrimination/retaliation and to adhere thereto;

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered the aforesaid unlawful actions at the hands of Defendants until the date of verdict;

C.     Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their

willful, deliberate, malicious and outrageous conduct, and to deter Defendants or other employers from engaging in such misconduct in the future;

     D.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

     E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

     F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

     G.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Date: December 1, 2014

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| MARY GEBLER | : | CIVIL ACTION |
| v. | : | |
| KIDSPEACE CORPORATION, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X )


| 12/1/2014 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 408 Brookside Drivce, Perkasie, PA 18944

Address of Defendant: 4085 Independence Drive, Schnecksville, PA 18078

Place of Accident, Incident or Transaction: Defendants place of business

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes☐  No☒

Does this case involve multidistrict litigation possibilities?        Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 12/1/2014 _____                           ARK2484
                    Attorney-at-Law                  Attorney I.D.# 91538

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/1/2014 _____                           ARK2484
                    Attorney-at-Law                  Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

GEBLER, MARY

**DEFENDANTS**

KIDSPEACE CORPORATION, et al.

**(b)** County of Residence of First Listed Plaintiff   Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, PC, 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans w/Disabilities Act "ADA" (42USC12101)

Brief description of cause:
Violations of the ADA and the Pennsylvania Human Relations Act "PHRA"

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   12/1/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____